**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Gabriel Romero,<br>Plaintiff,<br>-v-<br><br>Richland Enterprises, Inc., and<br>Richard Rodriguez,<br><br>Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Gabriel Romero ("Plaintiff" or "Romero"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants Richland Enterprises, Inc., and Richard Rodriguez (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that he was employed by Defendants, individually and jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains that he was employed by Defendants pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover all his unpaid wages, including his unpaid overtime wages under Article 6 of the New York Labor Law including Section 191, 193, and maximum

compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

**THE PARTIES**

7. At all times relevant herein, Plaintiff Gabriel Romero ("Plaintiff" or Romero") was an adult, over eighteen years old, who resides in Nassau County in the State of New York.

8. At all times relevant herein, Defendant Richland Enterprises, Inc. ("REI") was a New York for profit corporation.

9. Upon information and belief and at all times relevant herein, Defendant REI was owned/controlled/managed by Defendant Richard Rodriguez ("Rodriguez") who was in charge of the operations and management of the corporate Defendant REI.

10. At all times relevant herein, Defendants, individually and jointly, controlled the employment of Plaintiff and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff.

11. Upon information and belief and at all times relevant herein, Defendants, individually and jointly, owned/operated a place of business in Suffolk County, New York at 17 Montauk Dr., Bay Shore, NY, 11706 where Plaintiff was also employed.

12. At all times relevant herein, Plaintiff was employed individually and jointly by Defendants.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were in the welding and construction business within New York.

14. Upon information and belief, and at all relevant times herein, Defendants employed over approximately 30 employees.

15. Plaintiff was employed by Defendants, individually and jointly, from on or about June 7, 2016 to on or about June 12, 2026.

16. At all times relevant herein, Defendants, individually and jointly, employed Plaintiff as a welder throughout his workday with Defendants.

17. At all times relevant herein, Plaintiff was an hourly employee of Defendants, and his last regular hourly rate of pay was about $36.00 an hour.

18. At all times relevant herein, Plaintiff worked about 50 to 60 or more hours each week, 5 to 6 days each week for Defendants and Plaintiff was not paid any wages for about 10 to 20 overtime hours (weekly hours over 40) worked each week during his employment with Defendants – with the exception of about 2 to 3 weeks each year.

19. At all times relevant herein, in addition, Plaintiff was required to incur expenses in the performance of his work for Defendants during the period of his employment such as for use of his cellphone, internet, tools, etc. – with the exception of about 2 to 3 weeks each year. However, Defendants failed to reimburse Plaintiff for these costs and expenses - Defendants failed to reimburse Plaintiff for about $10 to $15 or more each week, which constitutes an unlawful wage deduction under the FLSA and NYLL, including NYLL § 193. These unlawful deductions and failure to reimburse also constitute an underpayment of wages and

overtime wages under the FLSA and NYLL.

20. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC § 211, 29 CFR § 516 and NYLL § 195, 12 NYCRR §142, are incorporated herein by reference.

21. At all times relevant herein and for the time Plaintiff was employed by Defendants, individually and jointly, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours each week during his employment with Defendants.

22. At all times relevant herein, Defendants, individually and jointly, failed to provide Plaintiff with the required notice at the time of his hiring pursuant to NYLL § 195(1) containing, among other things, his rate of pay, designated payday, and the name, address, and telephone number for Defendants and Plaintiff never received such a notice. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

23. At all times relevant herein, Defendants failed to provide Plaintiff with the required wage statements pursuant to NYLL § 195(3) – the wage statements provided to Plaintiff showed fewer hours than what he actually worked and less wages than he actually earned – by not showing the work hours and earned wages claimed herein, which prevented his from determining and seeking payment for the precise amount of his unpaid wages and he was thus harmed by being deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

24. At all times relevant herein, Defendants' failure to provide Plaintiff with the required wage notice and wage statements, caused Plaintiff to suffer injury because Plaintiff was underpaid and wasn't advised that he was due overtime wages when he worked the additional overtime hours over 40 each week claimed in this action — that is, he didn't know he was supposed to be paid additional overtime and other wages claimed in this action, and he lost out on the ability to advocate for such wages and be paid according to the requirements of the law such

as the FLSA and NYLL.

25. At all times relevant herein, Defendants' failure to provide Plaintiff with the required wage notices and wage statements, Defendants forced Plaintiff to spend time accounting and tabulating the information not provided such as the unpaid overtime hours and wages claimed herein, as best as he can – time is money and the several hours spent doing this would have been saved had Defendants carried out its legal obligations to provide Plaintiff with the required wage notice and wage statements which provides this type of accounting and tabulation and a lot more such as the amounts each pay period and year to date totals.

26. Upon information and belief and at all times relevant herein, Defendants, individually and jointly, had annual revenues and/or expenditures in excess of $500,000.

27. Upon information and belief and at all times relevant herein, Defendants, individually and jointly, conducted business with vendors/entities/persons within the State of New York.

28. Upon information and belief, and at all times relevant herein, Defendants, individually and jointly, utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, payroll application, timekeeping, websites and telephone/cellphone systems as a regular/daily part of the operation of Defendants.

29. Upon information and belief and at all times relevant herein, Defendants, individually and jointly, utilized the goods, materials, and services through interstate commerce.

30. Defendants, individually and jointly, as a regular part of their business, make payment of taxes and other monies to agencies and entities outside the State of New York.

31. Upon information and belief, and at all relevant times herein, Defendants, individually and jointly, conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

32. Defendants, individually and jointly, as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

33. Upon information and belief, and at all relevant times herein, Defendants failed to display

federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

34. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. As such, equitable tolling applies in this case. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

35. "Plaintiff" as used in this complaint refers to the named Plaintiff.

36. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime wages)**

37. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 36 above as if set forth fully and at length herein.

38. At all times relevant to this action, Plaintiff was employed by Defendants, individually and jointly, within the meaning of the FLSA.

39. At all times relevant to this action, Defendants, individually and jointly, was engaged in commerce and/or in the production of goods for commerce and/or Defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206, 207.

40. At all times relevant herein, Defendants, individually and jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

41. At all times relevant herein, Defendants, individually and jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

42. Plaintiff is entitled to recover from Defendants, individually and jointly, his unpaid overtime wage compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**

**NYLL 650 et Seq. & 12 NYCRR § 142-2.2 (Overtime Wages)**

43. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

44. At all times relevant to this action, Plaintiff was employed by Defendants, individually and jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

45. At all times relevant herein, Defendants, individually and jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay and 1.5 times the NYS Minimum Wage rate for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

**Relief Demanded**

46. Plaintiff is entitled to recover from Defendants, his unpaid overtime wage compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**

**NYLL § 190, 191, 193, 195 AND 198 UNPAID/WITHHELD WAGES**

47. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 46 above with the same force and effect as if fully set forth at length herein.

48. At all times relevant to this action, Plaintiff was employed by Defendants, individually and jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191,

193, 195 and 198 and the applicable regulations thereunder.

49. At all relevant times herein, Defendants, individually and/or jointly, violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193, 198 by failing to pay Plaintiff all his wages, including his unpaid overtime wages, wage deductions, as required under NY Labor Law § 190 et seq.

50. At all times relevant herein, Defendants, individually and jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

51. At all times relevant herein, Defendants, individually and jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

**Relief Demanded**

52. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid overtime wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

53. Declare Defendants, individually and jointly, to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142 and Article 6 of the NYLL – NYLL § 190 et Seq.

54. As to his **First Cause of Action**, award Plaintiff his unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

55. As to his **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

56. As to his **Third Cause of Action**, award Plaintiff any and all unpaid wages, including his unpaid overtime wages, wages due under law, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

57. Award Plaintiff prejudgment interest on all monies due.

58. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

59. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**August 31, 2026**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan___________________
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com